# APPENDIX.

CLEMENTINE ULMAN, by her husband and next friend, ALFRED J. ULMAN *vs.* MAYOR AND CITY COUNCIL OF BALTIMORE, and LEWIS N. HOPKINS, City Collector.

*Municipal Corporation—Assessments for Street improvements—Due process of Law.*

Under the Act of 1874, ch. 218, the Mayor and City Council of Baltimore, may provide by ordinance for making assessments to pay the expense of paving and repaving the streets, lanes, and alleys of the City, and for collecting those assessments from the parties charged therewith, by appropriate proceedings in the Courts of Baltimore City, where, after summons, or by public notice given through the newspapers, the parties assessed may have a trial by jury, and a full judicial investigation according to the course of these tribunals. When this is all provided for by ordinance, the assessments made under such an ordinance will not be open to the objection that they have been imposed without due process of law.

*McSHERRY, J., delivered the opinion of the Court.

The motion heretofore filed for a re-argument of this case has been overruled, but in consequence of some suggestions contained in the elaborate and exceedingly able brief, filed in behalf of the Mayor and City Council of Baltimore, we deem it proper to say a few words relative to the power of the municipality under existing legislation to proceed with the work of paving its streets

* This opinion was not filed until the case, *ante* page 587, was printed, and the type distributed.

and collecting the assessments therefor. The decision in this case did not deny the existence of that power, but only had reference to the mode of its exercise. The Act of 1874, ch. 218, (Art. 4, sec. 810, Code of Public Local Laws) is wide and sweeping in its provisions. It declares that "the said Mayor and City Council shall have, and are hereby vested with, full power and authority to provide by ordinance for the grading, shelling, paving * * * * * of any street * * * * * ; and also for assessing the cost of any such work in whole or in part, *pro rata,* upon the property binding on such street * * * * * and for collecting such assessments as other city taxes are collected." The power thus conferred is as broad and comprehensive as language can make it. The statute, in truth, delegates to the city the whole authority of the Legislature upon this subject. In construing another Act of Assembly (now codified in sec. 378 of Art. 4, Local Code) which gave the city of Baltimore "full power and authority to enact and pass all laws and ordinances necessary to preserve the health of the city, prevent and remove nuisances, &c.," our predecessors, in the case of *Harrison vs. Mayor, &c. of Balto.,* 1 *Gill,* 276, used this emphatic language: "The transfer of this salutary and essential power is given in terms as explicit and comprehensive as could have been used for such a purpose. To accomplish, within the specified territorial limits, the objects enumerated, the corporate authorities were clothed with all the legislative powers which the General Assembly could have exerted." The language of the Act of 1874 is equally as comprehensive as that of the statute just quoted, and confers, we think, equally as broad a power. Had the Act of 1874 gone further and empowered the city to make provision by ordinance for giving notice to, and allowing a hearing of, the parties to be affected by the paving of a street, either before the city commissioner,

Ulman *vs.* Mayor, &c. of Baltimore, *et al.*

or some other local tribunal, and then, for an appeal to the City Court where a trial by jury could be had, it cannot be doubted that the proceedings would have been in accord with both the Federal and State Constitutions. *Steuart vs. Mayor, &c. of Balto.,* 7 *Md.,* 500; *Davidson vs. New Orleans,* 96 *U. S.,* 97. But if the power, actually given, is as wide and sweeping as this Court declared in 1*st Gill* the power with regard to nuisances to be; then, clearly, it includes the authority to make all such provisions, by ordinance, as are necessary to give effect and full effect to the power itself and to the legitimate exercise of that power. Otherwise the statute would be utterly nugatory and useless.

We hold, therefore, that under the Act of 1874 the city may provide by ordinance for making assessments to pay the expense of paving and repaving its streets, lanes and alleys, and for collecting those assessments from the parties charged therewith, by appropriate proceedings in the Courts of Baltimore City, where, after summons, or by public notice given through the newspapers, the parties assessed may have a trial by jury and a full judicial investigation, according to the course of those tribunals. When this is all provided for by ordinance, the assessments made under such an ordinance will not be open to the objection that they have been imposed without due process of law. This is simply the logical conclusion following from the principles announced in the opinion heretofore expressed in this case.

(Filed 25th March, 1891.)