IN THE MATTER OF THE ESTATE OF CHARLES
H. C. CURTIS, DECEASED, CHARLES H. C. CUR-
TIS, JR., AND MARY T. DONELSON, WIFE OF E.
A. DONELSON, vs. HARRY A. PIERSOL, ADMINIS-
TRATOR PENDENTE LITE.

*Decedents' Estates: receivers; committee in lunacy. Orphans'
Courts; administrators; appointment; irregu-
larity; disqualification of judge;
appeal. Equity; jurisdiction.*

A petition was filed praying among other things for the appoint-
ment of a receiver to protect the estate of a decedent pending
a controversy as to the administration in the Orphans' Court;
the decedent had been declared a lunatic and his estate was
already in the hands of a committee appointed by a Court
of equity. *Held*, that the committee could fully protect
the property and there was no occasion for the appointment
of a receiver.                                    p. 172

If in the naming of an administrator by the judges of the
Orphans' Court there is any irregularity or error, the proper
remedy is by an appeal to the Court of Appeals and not by
resort to a court of equity to correct the error.    p. 174

If two judges of an Orphans' Court sign an order appointing
an administrator it is not necessary that the third should
sign the order, but if he joins in signing such an order the
appointment is not thereby rendered void, nor the jurisdic-
tion affected, merely because such third judge was disquali-
fied under sec. 7, Art. 4, of the Constitution.    pp. 173-174

*Decided January 9th, 1912.*

Appeal from the Circuit Court of Baltimore County,
sitting in equity (BURKE, J.).

The cause was argued before BOYD, C. J. BRISCOE, PEARCE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Samuel S. Boggs,* for the appellants.

*Robert II. Bussey* and *T. Scott Offutt* filed a brief for the appellees.

The Court declined to hear argument for the appellees.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, sitting in equity, dismissing the bill of the appellant.

The bill alleges that Charles H. C. Curtis, father of Charles H. C. Curtis, Jr., and Mary T. Donelson, the appellants, died on the 28th day of January, 1911, after having first made what purported to be his last will and testament, which was filed for probate, but to which a caveat was filed before the same was probated. The bill further alleges that Harry A. Piersol, nephew of the said Charles H. C. Curtis, was appointed administrator *pendente lite* by the Orphans' Court of said county. That at the time of the said appointment H. Seymour Piersol, a nephew of Charles H. C. Curtis, deceased, and who, as the bill alleges, is "named as a remainderman" in his uncle's alleged will, was sitting as one of the judges of said Court. The bill then alleges that before the appointment of said administrator, the plaintiffs "moved the Court by petition based upon the 7th section of Article 4 of the Constitution of Maryland, inhibiting a judge, by interest and consanguinity, from sitting in a case wherein he is interested. The motion and petition of your complainants were denied by a divided Court." It is also alleged by the bill "that the participation of H. Seymour Piersol, and sitting in said case, was clearly inhibited under and by the laws of Maryland," and that the appointment of Harry A. Piersol as such administrator was illegal and inoperative. The prayer of the bill then asks, among other things, that

the equity Court assume jurisdiction of the estate of Charles
H. C. Curtis, deceased; that it restrain the said Harry A.
Piersol from performing the duties of such administrator;
and that a receiver be appointed to take charge of the per-
sonal and real estate of the said deceased under the direc-
tion of the equity Court; and for general relief. The appel-
lees demurred to the bill and the Court below sustained the
demurrer and dismissed the bill. It is from the passage of
this order that the appeal is taken.

Section 234 of Article 93 of the Code of Public General
Laws confers upon the Orphans' Court "full power to take
probate of wills, grant letters testamentary and of adminis-
tration, direct the conduct and settling the accounts of execu-
tors, administrators, superintend the distribution of the
estate of intestates, secure the rights of orphans and legatees
and to *administer justice in all matters relative to the affairs
of deceased persons.*" As to such powers "the Courts of
equity shall not interfere; except on account of some special
circumstances to which the power of the Orphans' Court may
not be altogether adequate." *Hewitt's Case,* 3 Bland, 186;
*Alexander* v. *Leakin,* 72 Md. 202; *Macgill* v. *Hyatt,* 80 Md.
256.

The facts alleged in the bill disclose no circumstances or
conditions that warrant the interference of a Court of equity.
The case as stated in the bill falls within the ordinary powers
of the Orphans' Court, and there is no necessity for the
interference of a Court of equity. Nor do the facts as
alleged show the necessity for the appointment of a receiver,
as prayed for in the bill. The decedent having been adjudged
a lunatic, his property and estate, as alleged in the bill, is
in the hands of a committee appointed by the equity Court
and is thus in its custody and control, and if need be, what
is sought to be accomplished by a receiver—the protection
of the property and estate of the decedent during the pend-
ency of the questions in controversy—it would seem can be
fully accomplished by and through the Court of equity in the
lunacy proceeding.

The remaining question to be determined arises under the prayer asking the Court to restrain the administrator *pendente lite* from performing the duties of such administrator, because of the alleged illegality of his appointment. Section 67 of Article 93 of the Code (1904) provides that "in all cases where the validity of a will is or shall be contested, letters of administration pending such contest may, in the discretion of the Orphans' Court, be granted to the person named as executor or to the person to whom the largest portion of the personal estate may be bequeathed in such contested will, or to the person who would be entitled to letters of administration by law, as in cases of intestacy." It is contended, however, by the appellant that the administrator named was illegally appointed, because, as alleged in the bill, H. Seymour Piersol, one of the judges of the Orphans' Court, nephew of the testator and one "named as a remainderman in his will" filed for probate, was sitting as judge at the time of the appointment of such administrator, although the appellant had moved the Court and by petition based upon the 7th section of Article 4 of the Constitution of Maryland, inhibiting a judge by interest and consanguinity from sitting in a case wherein he is interested." Neither this motion nor the order appointing the administrator appears in the record, nor is it disclosed thereby that such motion and order or a copy of either of them was ever filed with the bill. From the allegation in the bill we can not get a clear conception of the motion or the purpose for which it was made. As the order of the Court appointing the administrator is not before us, it is not known to the Court by what judges it was signed, nor is there any allegation in the bill enlightening us on this point. It is not shown that all the judges were sitting, yet in the absence of any proof to the contrary, the presumption is that they were present. For all the Court knows or can gather from the record, JUDGE PIERSOL, although sitting, may have been silent upon the appointment and the order of appointment may have been signed only by the other judges, or it may be that he signed

it with the other two judges.   There is no allegation that there was any division of the Court in the passage of the order.   If the other two members of the Court signed it, it was not necessary that he should have signed it at all, and if he did sign with them, it could not have the effect of rendering the appointment void and could in nowise affect the question of jurisdiction.   The Orphans' Court had full jurisdiction to appoint such administrator, and it is clear to us that it was acting in the exercise of its jurisdiction in appointing him, and if so acting they acted irregularly and an error was committed by them in the appointment of the defendant, an appeal therefrom lies to this Court to correct the error.   If an error was committed, the plaintiff should have availed himself of a direct appeal to this Court from the action of the Orphans' Court in passing the order, but failing to do so, he can not resort to a Court of equity to correct the wrong complained of.   *Wannenwetsch* v. *Mayor and City Council of Baltimore,* 111 Md. 32; *Owners' Realty Co.* v. *Baltimore City,* 112 Md. 477.

We think it unnecessary to prolong this opinion with a further discussion of this question.   Therefore, from what we have said, the Court committed no error in sustaining the demurrer and dismissing the bill in this case.

*Order affirmed, with costs to the appellee.*