# PRESIDENT AND MANAGERS OF THE BALTIMORE GENERAL DISPENSARY

## vs.

# THE MAYOR AND CITY COUNCIL OF BALTIMORE

### ET AL.

*Municipal Ordinance—Assessment for Paving—Notice.*

Baltimore City ordinance No. 266, approved June 13th, 1917, providing for the assessment against abutting property of the cost of paving sidewalks, is constitutional and valid.

p. 532

A city ordinance imposing liability for the cost of paving a sidewalk upon both the abutting property and the owner thereof, the liability of the former to be enforced by sale and of the latter by suit, *held* that the provisions imposing liability on the property and the owner being separate and not interdependent, a mere constructive notice, such as a publication in a newspaper or delivery of notice on the premises, directed to the abutting owners or to whom it may concern, was sufficient to sanction a proceeding for the sale of the property as a proceeding *in rem.*                                              pp. 532-534

*Decided June 26th, 1923.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by the President and Managers of the Baltimore General Dispensary, a corporation, against The Mayor and City Council of Baltimore and Augustus M. Denhard, Collector. From a decree for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Thomas MacKenzie,* for the appellant.

*Allen A. Davis, Deputy City Solicitor,* with whom was *Roland R. Marchant, City Solicitor,* on the brief, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The questions presented for consideration in this case arise upon a demurrer to a bill in equity for an injunction to restrain the collection of an assessment for the cost of a concrete footway or pavement laid in front of the appellant's lot, northwest corner Paca and Fayette streets, Baltimore City, pursuant to Ordinance No. 266 of the Mayor and City Council of Baltimore, approved June 13th, 1917, entitled "An ordinance providing for the collection of expenses incurred by the Highways Engineer in paving footways."

The prayer of the bill is:

First. That the acts of the highways engineer and of the Appeal Tax Court, in attempting to assess and fasten a lien upon the appellant's property for the payment of the costs and expenses of the footway, are without warrant in law, and should be declared null and void.

Second. That the Ordinance No. 266, approved June 13th, 1917, may be declared null and void.

Third. That the cloud cast upon the title to the property of the appellant at the northwest corner of Paca and Fayette Streets, in the City of Baltimore, by a lien or a tax of $91.15, and the interest charged thereon for the cost of said concrete footway laid in front of its said lot may be removed by the decree of this Court; and

Fourth. That the Mayor and City Council of Baltimore and Augustus M. Denhard may be enjoined from collecting the said tax or assessment of $91.15 and interest aggregating $110.55 so imposed as aforesaid by a sale of said lot or by distraint proceedings or otherwise.

The defendants demurred to the amended bill, and urged as grounds for demurrer:

First. That the amended bill of complaint shows on its face that after the assessment was made by the Appeal Tax Court the plaintiff had twenty days in which to appeal to the Baltimore City Court, where all questions relating to the plaintiff's liability for said assessment could have been

determined; that having failed to take said appeal plaintiff is barred from litigating its liability for said assessment in this Court.

Second.    That the allegations of the amended bill of complaint do not entitle the plaintiff to the relief sought by it, and the amended bill of complaint is defective for want of equity.

All defects and irregularities in the pleadings having been waived by agreement, the case was heard upon the demurrers of the defendants to the original and amended bills, and from an order sustaining the demurrers, and dismissing the original and amended bills, the plaintiff having declined to amend, this appeal has been taken.

The ordinance in question is No. 266, approved June 13th, 1917, entitled "An ordinance providing for the collection of expenses incurred by the Highways Engineer, in paving footways."

The object and purpose of the ordinance is stated in its preamble, which reads as follows:

"Whereas, In the judgment of the Mayor and City Council of Baltimore, it is necessary for the public safety and convenience, and also beneficial to the abutting property in an amount equal to the charge upon the owner of said property herein provided for, to have all the sidewalks of all paved streets, lanes or alleys in the city properly graded and paved and maintained in that condition; and

"Whereas, The Highways Engineer of Baltimore City has heretofore paved a large number of sidewalks of paved streets, lanes or alleys, and in many cases the cost of such paving has been paid to the city by the owners of property abutting thereon in proportion to the number of feet said property so abutted, and in other cases the owners of property abutting upon said sidewalks so paved, repaved or repaired by the Highways Engineer have refused to pay any part of the cost thereof, and it is just and proper that they should be required to do so."

Section 1 of the ordinance ordains,

"That in all cases where the Highways Engineer shall have graded, paved, repaved or repaired any sidewalk of any paved street, lane or alley which the said Highways Engineer found was not properly graded or paved or was out of repair or otherwise in a defective condition, and which the said Highways Engineer determined it was necessary for the public safety and convenience to have graded, paved, repaved or repaired, and the owners of the property abutting upon any such sidewalk shall have refused or neglected to pay the cost of the work done by the Highways Engineer upon such sidewalk in front of the property of such abutting owner, then the said Highways Engineer is hereby directed to report to the Appeal Tax Court of Baltimore City the total expense of grading, paving, repaving or repairing any such sidewalk, including the expense, reasonably incurred by said Highways Engineer in ascertaining the names of the abutting property owners and the number of feet which the property of each abuts upon the sidewalk upon which such work was done. Upon receipt of said report from the Highways Engineer the Appeal Tax Court shall publish a notice once in two of the daily newspapers of Baltimore City, stating that such sidewalk has been graded, paved, repaved or repaired, giving the location thereof, and that the Appeal Tax Court will hear any owner of property abutting thereon in reference to his liability for a part of the cost of such work within ten days after the publication of said notice. And the Appeal Tax Court shall hear such owner who may desire to be heard within said ten days, and after the expiration of said ten days the Appeal Tax Court shall assess the entire cost incurred by the Highways Engineer in doing said work, together with the expense of the notice to be inserted by the Appeal Tax Court, upon all owners of property binding or abutting upon the sidewalk so improved, in proportion to the num-

ber of feet which each property binds or abuts upon said sidewalk, omitting, however, from any such assessment any owner of abutting property who may have already paid his proportion of such expense, as herein provided. Any person so assessed shall have 20 days in which to appeal to the Baltimore City Court, and, upon taking any such appeal, shall have the right to have all questions relating to his liability to said assessment determined by the said court, or by a jury, if a jury trial is asked, in the same manner as questions relating to the assessment, or any increase in the assessment of property for taxes are heard and determined by said court. After the expiration of said twenty days the Appeal Tax Court shall report the assessment so made to the City Collector, who shall proceed to collect the same in the same manner as taxes upon real estate are collected. Said assessments shall be liens upon the property, the owners of which are so assessed, from the date of the completion of the work for which such assessments are made, subject as to any party who may have appealed to the final determination of the court or jury upon such appeal. In the event such assessment is sustained in whole or in part by the court or a jury, the lien shall relate back to the time of completing the work. Said assessments shall be due and payable as soon as reported to the City Collector, and if not paid, shall bear interest from the first of the month succeeding the date of such report. And the City Collector shall have the same remedies for the collection of said assessments and interest as are provided by law or ordinance for the collection of ordinary taxes upon real estate. Provided that no interest shall be collected upon any such assessment which is paid within the calendar months next after the one in which such assessment was received by the collector.

"Section 2. And be it further ordained, That, in addition to the remedy provided in Section 1 hereof, the Mayor and City Council of Baltimore is hereby

authorized to recover by suit or action at law against the owner of any property upon any sidewalk of any paved street which may have been graded, paved, repaved or repaired by the Highways Engineer, acting in pursuance of the provisions of Article 35 of the Baltimore City Code of 1906, as amended by Ordinance No. 102 of May 10, 1912, and Ordinance No. 7 of June 26th, 1915, all the costs reasonably incurred by the Highways Engineer in connection with such grading, paving, repaving or repairing of that portion of said sidewalk upon which the property of any such abutting owner abuts or binds."

The validity and constitutionality of municipal ordinances, similar to the one here in question, has been settled by the decisions of this Court and approved by the Supreme Court of the United States.

In *Ulman* v. *Baltimore,* 72 Md. 609, it is said, the city may provide by ordinance for making assessments to pay the expense of paving and repaving its streets, lanes and alleys, and for collecting those assessments from the parties charged therewith, by appropriate proceedings in the courts of Baltimore, where, after summons or by public notice given through the newspapers, the parties assessed may have a trial by jury, and a full judicial investigation according to the course of those tribunals. When this is all provided for by ordinance, the assessments made under such an ordinance will not be open to the objection that they have been imposed without due process of law.

In *Baltimore* v. *Ulman,* 79 Md. 479 (subsequently affirmed by the Supreme Court of the United States), a somewhat similar ordinance was sustained and held to be constitutional.

While the question of the sufficiency of the notice to the owner of the property, raised by the pleadings, is not free from difficulty, we agree with the conclusion reached by the court below that it was sufficient for a proceeding *in rem.*

The demurrer admits, as stated by the court below, that the city had given that public notice required by law, so that

jurisdiction *in rem* followed; the notice being directed to the
"abutting property owners and to whom it may concern,"
without naming as owner any person natural or artificial, so
that the proceedings referred to in the bill are sufficient
as a proceeding *in rem.*

The procedure set out in Ordinance No. 266 was adopted
and followed in this case and the notices were published by
the Appeal Tax Court as required by the ordinance.

It was agreed between the parties that an advertisement
similar to the plaintiff's exhibit "notice" was published on
September 19th, 1917, in the Baltimore American, and also
in the Baltimore Evening News, in which the location of the
sidewalk was described as "Northwest corner Fayette and
Paca Streets side," the following being a copy of an adver-
tisement appearing in the Baltimore Sun, September 19th,
1917:

"Municipal Notices.

"Notice of Assessment for Paving Sidewalks.
"To the Abutting Property Owners and Whom it
     May Concern:

"Pursuant to the requirements of **Ordinance No.**
266, approved June 13th, 1917, the Appeal Tax Court
has received from the Highways Engineer his report
of the total expense of grading, paving, repaving or
repairing sidewalks hereinbelow mentioned, and notice
is hereby given that the Appeal Tax Court will hear
any owner of property abutting upon said sidewalks
in reference to his liability for the cost or part of the
cost of said work within ten (10) days from the date
of the publication of this notice. After the expira-
tion of the said ten (10) days the Appeal Tax Court
will assess said owner or owners for his or their re-
spective share or shares of the expense incurred by
the Highways Engineer and by the Appeal Tax Court,
in pursuance of said ordinance according to its judg-

ment and information in the premises and as by law provided.

"(Signed)    Appeal Tax Court,
"By John Gill, Jr.,
"President."

"Location of Sidewalks—N. W. C. Fayette and Paca, front and side."

The court below, we think, properly held in its opinion, that "the ordinance in question has two purposes: one to secure a lien against the property, provided the provisions set out in section one of the ordinance are fully complied with; and which lien can be enforced by sale of the property charged; the other purpose is to give the city the right to recover the amount of the lien by a suit or action at law against the owner, and is set out in section two of the ordinance. The purposes are single, separate and not interdependent, the one is *in rem*—the other is *in personam;* one only requires constructive notice, such as by a publication in a newspaper or by a delivery of a notice on the premises, where the owner is supposed to be: *Balto. Belt, etc.,* v. *Baltzell,* 75 Md. 94-104; the other purpose *in personam* requires a personal summons as the basis of jurisdiction for a personal judgment." *Baltimore City* v. *Poole,* 97 Md. 72; *Leser* v. *Wagner,* 120 Md. 671.

We have examined the other objections to the validity of the ordinance here in question, and find no sufficient reason for sustaining any of them. Similar ordinances have been upheld and approved both by this Court and the Supreme Court of the United States. *Ulman* v. *Baltimore,* 72 Md. 611; *Baltimore* v. *Ulman,* 79 Md. 469, and *Spencer* v. *Merchant,* 125 U. S. 357.

It follows, for the reasons stated, that the decree appealed against will be affirmed.

*Decree affirmed, with costs.*