WILLIAM F. MYLANDER ET AL. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE CITY.

[No. 38, January Term, 1934.]

*Decided April 25th, 1934.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Walter C. Mylander,* with whom was *Nathan Patz* on the brief, for the appellants.

*Allen A. Davis, Assistant City Solicitor,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The object of this suit in equity is to restrain the enforcement of a sidewalk paving lien, for $247.39, imposed upon an unimproved lot of ground, owned by the plaintiffs, at the northwest corner of Presstman Street and Ellamont Avenue in Baltimore City. The lien is alleged to be invalid for want of compliance with notice requirements of the ordinance under which the sidewalk was paved. That defense was overruled by the lower court, and the appeal is from a decree dismissing the bill of complaint.

The paving for which the abutting property of the plaintiffs has been assessed by the city was determined upon and completed in 1926. At that time the plaintiffs had owned the property for a period of two years, having acquired it in 1924 from grantors whose derivation of title is not shown by the record. No entry was made on the assessment records of the city to show the changes of ownership effected by the conveyances to the plaintiffs and their grantors. Upon those records the Walbrook Real Estate Company appeared to be the owner of the property when the paving work in question was undertaken and when the property was charged with the paving lien now in controversy.

The ordinance referred to (Baltimore City Code, 1927, art. 45, sec. 68) provides that, whenever the highways engineer shall determine that any footway of the city needs to be paved, he "shall serve a written or printed notice on each and every person, whose property binds or abuts upon such footway or portion thereof, of his intention" to make such improvement, and that, if the owner of the abutting property "cannot be found by the highways engineer, he shall cause said notice to be conspicuously posted upon the premises. * * *" The prescribed notice was not served upon the plaintiffs, but was posted upon their lot of ground adjacent to which the new pavement was to be constructed. An inspector on the highways engineer's staff explained why the notice was not served on the owners of the property, by testifying that he made inquiries in the locality of the lot as to its ownership, but failed to obtain the desired information, and that he then went to the appeal tax court, and, finding the lot assessed in the name of the Walbrook Real Estate Company, he "went out there with this notice to try to find out where they were located and no one seemed to know." There is no indication in the record as to whether such a company was then in existence. It was testified by the plaintiffs that they did not see the notice which was posted on their lot, or otherwise learn that the paving of the sidewalk was intended.

After the completion of that work, the highways engineer

reported the cost to the appeal tax court, which published a notice, in two newspapers of the city, that it would hear within ten days any owner of property abutting on the newly paved footway as to his liability for the whole or any part of the improvement. The report and notice were in accordance with section 70 of article 45 of the City Code of Ordinances. The plaintiffs disclaimed any knowledge of the proceedings to charge the cost of the paving against their property until they received notice from the city collector in 1933 that the lien would be enforced by a sale of the lot unless the assessment were promptly paid. The delay in sending that notice was due to the fact, as explained in the city's answer to the bill of complaint, that the city collector, to whom the assessment had been certified by the appeal tax court, as provided by the ordinance, did not have earlier information that the plaintiffs were the owners of the assessed property.

It is the purpose of the required preliminary notice to the owners of the abutting property that they should have an opportunity, within five days, "to show cause, if any, why said footway or portion thereof, should not be graded, paved or repaired." An appeal from the decision of the highways engineer to the appeal tax court upon the question as to the necessity for the proposed paving work is allowed by the ordinance. The property owner is given the option, by the ordinance, to have the paving work done at his own instance, within fifteen days after the decision of the appeal tax court, in the event of an appeal, the work, however, to be under the supervision of the highways engineer and in accordance with his specifications.

The principal question in the case is whether the paving assessment against the plaintiffs' lot should be invalidated on the ground that the effort to give the personal notice mentioned in the ordinance was inadequate. As reflecting upon that question, it is proper to consider the fact that the plaintiffs neglected to have the lot entered in their names on the tax records of the city. It appears to have been their practice

to obtain annually from the city collector the tax bills as issued in the name of the Walbrook Real Estate Company; and to pay the taxes as thus charged to that former owner. In consequence of this policy, their interest in the property was not revealed by the appeal tax court records, to which the highways engineer would customarily resort for information as to the identity of the property owners to be served with preliminary paving notices. The transfer of the title to the plaintiffs should have been reported to the appeal tax court by the clerk of the Superior Court of Baltimore City, in whose office such conveyances are recorded. Code, P. L. L., art. 4, sec. 165; Const., art. 4, sec. 38. No effort was made by the plaintiffs to correct the omission to perform that statutory duty. Their payment to the city collector of the taxes on the property, as charged to a predecessor in the title, was not reflected upon the records of the appeal tax court, and did not have the actual or imputable effect of apprising the highways engineer that they were entitled to notice as owners of the property abutting on the footway which he was proposing to improve. The indifference of the plaintiffs to the fact that their ownership of the property was not ascertainable from the tax records was primarily responsible for the failure of the effort to give them the personal notice for which the ordinance made provision.

The plaintiffs are husband and wife, holding title as tenants by the entireties. It was testified by the husband that he is the owner of a large number of properties in Baltimore City, and that he is "familiar with the method of handling footway notices," but that he seldom visited the locality of the lot involved in this suit. When it was acquired by the plaintiffs, the adjacent footway was unpaved. It must have been anticipated by the plaintiffs that the sidewalk would have to be paved in the normal progress of street improvement, and they should have realized also that, by allowing the lot to remain in the name of the Walbrook Real Estate Company on the assessment records of the city, they were placing themselves at a disadvantage with respect to their identification as

owners of the abutting property, for the purposes of a personal notice that such work was contemplated. Since they could so readily have avoided that difficulty by having a proper entry made on the assessment records to show their ownership of the lot, we are unable to regard with favor the contention that the highways engineer should have assumed the duty of discovering their interest in the property by a search for the title among the general land records of the city. Having contributed to the failure of the effort to serve them personally with the preliminary paving notice, the plaintiffs are not, in our opinion, entitled to defeat the ensuing assessment on that ground, especially in view of the opportunity for the protection of their interests afforded by the published notice for which the ordinance provided.

According to decisions of this court, a notice by publication would be sufficient for the purposes of such a proceeding *in rem,* if no provision had been made in the ordinance that notice should be personally served when practicable. *Baltimore General Dispensary v. Baltimore,* 143 Md. 527, 122 A. 638; *Owners' Realty Co. v. Baltimore,* 112 Md. 477, 76 A. 575; *Wannenwetsch v. Baltimore,* 111 Md. 32, 73 A. 701; *Ulman v. Baltimore,* 72 Md. 609, 21 A. 711.

In the first case just cited, the only provision for notice in the ordinance there under consideration was that, upon receipt of the highways engineer's report as to sidewalk paving work, the appeal tax court should publish a notice in a prescribed form similar to the one directed by the ordinance with which we are now concerned. The opinion in that case (page 532 of 143 Md., 122 A. 638, 639) said: "The validity and constitutionality of municipal ordinances, similar to the one here in question, has been settled by the decisions of this court and approved by the Supreme Court of the United States. In *Ulman v. Baltimore,* 72 Md. 609, 21 A. 711, it is said, the city may provide by ordinance for making assessments to pay the expense of paving and repaving its streets, lanes, and alleys, and for collecting those assessments from the parties charged therewith, by appropriate proceedings

in the courts of Baltimore City, where after summons or by public notice given through the newspapers, the parties assessed may have a trial by jury and a full judicial investigation according to the course of those tribunals. When this is all provided for by ordinance, the assessments made under such an ordinance will not be open to the objection that they have been imposed without due process of law. * * * While the question of the sufficiency of the notice to the owner of the property, raised by the pleadings, is not free from difficulty, we agree with the conclusion reached by the court below that it was sufficient for a proceeding *in rem*. The demurrer admits, as stated by the court below, that the city had given that public notice required by law, so that jurisdiction *in rem* followed; the notice being directed to the 'abutting property owners and to whom it may concern,' without naming as owner any person, natural or artificial, so that the proceedings referred to in the bill are sufficient as a proceeding *in rem*.

Like the ordinance considered in that case, the one now before us contains a provision that any person assessed by the appeal tax court for the cost of sidewalk paving may appeal to the Baltimore City Court and have determined there "all questions relating to his liability" for such assessment.

In *Methodist Protestant Church v. Baltimore*, 6 Gill, 391, 400, it was said in the opinion: "The appellant seeks to sustain the injunction issued in its behalf, on the ground, that it 'had no actual notice in fact of the assessment complained of, until the attempt was made to enforce such assessment by a sale of its property.' * * * But, it is immaterial whether such 'actual notice in fact' were given to or possessed by the complainant or not. By the Act of 1838, the Legislature have provided the mode, by which all persons are to be notified, whose interests are to be affected by the widening, opening or straightening of streets in the City of Baltimore; and the time during which such notice shall be published in the newspapers. Which being complied with, ignorance thereof, in any owner on whose property benefits have been assessed, is

his misfortune or his fault, but can furnish no ground for relief to him, either on a bill in equity, or an appeal to the City Court. * * * And it is further enacted, 'That upon the return of any assessment to be made under any ordinance, to be passed in virtue of this act, the register of the City of Baltimore, shall cause a copy of said assessment to be published for thirty days, in at least two of the daily newspapers of said city.' It is not pretended that all these publications have not been regularly made pursuant to the provisions of the Act of Assembly. Against the validity of such proceedings, a want of notice in point of fact can form no objection. The law imputes notice, and will not admit testimony to disprove it, in a case like the present. The time for an appeal from any such assessment is thirty days after the register's publication."

The form of the publication in this instance is said to have been insufficient. A published notice in practically the same form was held adequate in *Baltimore General Dispensary v. Baltimore, supra.*

The conditional provision in the present ordinance for personal notice to the property owners could not be disregarded because the ordinance also contains a provision for a notice by publication, but the reasonableness of an unsuccessful effort to find the owners in order to give them personal notice must be considered in each case with due regard to its particular facts.

There is no suggestion by the plaintiffs in their bill of complaint or testimony that the paving of the sidewalk adjacent to their lot was unnecessary, or that the assessed cost of the work, which thus benefited their property, was excessive. The sole ground of their objection to the assessment is that they were not properly notified of its intended imposition. For the reasons which we have stated, our conclusion is that such an objection is not sustainable under the circumstances of the present case.

*Decree affirmed, with costs.*