## WENDELIN A. GROSS *v.* BENJAMIN A. KING.

*Fraud—Purchase of Superior Title—Tax Sale—Invalidity of Proceedings—Bill to Remove Cloud on Title.*

There is no fraud, in a legal sense, in a man's buying in a superior or conflicting title to land previously purchased by another, and it is immaterial in this connection that the attorney who prepared the deed for the later purchase was the same who prepared the deed for the earlier one.          p. 293

A tax sale without any report of it to the circuit court for the county, and ratification by that court, and without any record of previous proceedings in accordance with the statute, is insufficient to give title to the purchaser.          p. 293

One who does not show title cannot maintain a bill to remove a cloud upon his title.          p. 294

On a bill to remove a cloud from title, averring that plaintiff bought from county commissioners upon information that they had held the land continually and adversely for twenty-five years without let or hindrance, but not averring this to be true, nor basing a claim of title on that ground, *held* that, in dismissing the bill for lack of title in plaintiff, the court properly reserved to him the privilege of presenting a new bill grounded on title in the county commissioners by adverse possession.
          p. 294

*Decided April 6th, 1926.*

Appeal from the Circuit Court for Anne Arundel County, In Equity (PARKE, C. J., and Moss, J.).

Bill by Wendelin A. Gross against Benjamin A. King. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*James W. Owens,* for the appellant.

*Eugene P. Childs,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

In this case the appellant, claiming title by deed to a piece of land, of which he is in possession, in Anne Arundel County, filed a bill to have a later deed to the appellee, from other grantors, for the same piece of land, set aside as in fraud of the appellant's rights. A demurrer to the bill was sustained, and the bill was dismissed; and the appeal is taken from that action.

The facts averred are substantially these: In 1895 the county commissioners bought in the property at a sale for unpaid taxes, and in 1920 the appellant, upon paying accrued taxes, took a deed from the county commissioners, the attorney for the commissioners having drawn the deed. It now turns out that no deed had been executed and recorded for the sale to the county commissioners in 1895, and the only records of the tax sale which have been found consist in a copy of the advertisement of the sale, and an annotation on the assessment book, under the name of Dorcas M. Clark, the owner at that time, that the property had been purchased by the county and stricken from the books. Gross cleared and improved the land, building a house and planting an orchard on it, and posted a warning notice to trespassers, over his own name. The appellee, King, owned property immediately across a public road running between the two tracts. In 1924, after values in the neighborhood had become enhanced by the construction there of what is known as the Crain Highway, King sought out the heirs of Dorcas M. Clark, the owner at the time of the tax sale, and bought title from them. The deed for that purchase, too, was prepared by the attorney who, as a former attorney for the county commissioners, prepared their deed to Gross. The appellant now charges that this deed to King was obtained with deliberate intent to defraud and dispossess the appellant, with knowledge on the part of the appellee and the

attorney of his deed and claim. And the present bill proceeds upon the theory that this constituted a fraud upon the appellant.

We agree with the judges of the trial court that no fraud upon the appellant is shown by these allegations. There is no fraud, in a legal sense, in a man's buying in a superior or conflicting title to a neighbor's land. There is no breach of either legal or equitable duty, trust or confidence. 2 *Pomeroy, Eq. Jurispr.,* sec. 873. The fact alleged, that the one attorney prepared the deed for the later purchase and for the earlier purchase as well, could not constitute any ground for the charge of fraud, for, with all the knowledge that the attorney and his client might possibly have of the earlier purchase, and assuming they knew every fact now alleged, the second purchase would still be without any element of fraud. We have not been able to see any force in the appellant's argument that the preparation of the two conflicting conveyances for the property by the one attorney constituted a legal wrong which detracts from the validity of the later deed.

It is true that possession by Gross, if not the record of his deed, would put King upon notice of the foundations of Gross' claim, so far as inquiry would have disclosed them. *Baynard v. Norris,* 5 Gill, 468; *Valentine v. Seiss,* 79 Md. 187; *DuVal v. Wilmer,* 88 Md. 66. But if those foundations were deficient, Gross could gain nothing from having King know of them, and nothing from having his attorney know of them. Knowledge could, of course, only give them effect for what they might be worth. And a tax sale without any report of it to the circuit court for the county (Code, art. 81, sec. 61), and ratification by that court, and without any record of previous proceedings in accordance with law (art. 81, secs. 58 to 60), is clearly insufficient to give title to the purchaser, in this instance, the county commissioners, who sold to the appellant. *McMahon v. Crean,* 109 Md. 652, 665; *Hill v. McConnell,* 106 Md. 574, 577; *Polk v. Rose,* 25 Md. 153.

As the trial court pointed out, the appellant could not, on such facts, maintain a bill to remove a cloud upon his title, because he does not show the necessary title. *Carswell v. Swindell,* 102 Md. 636, 639. The trial court also considered the possibility that title in the county commissioners might be shown by adverse possession. There is no clear allegation of title on that ground. The bill of complaint does aver that the appellant bought from the county commissioners upon information that they had held the land continually and adversely for twenty-five years without let or hindrance, but it is not alleged that this is true, nor is the claim now made based upon that ground. *Story, Equity Pleading,* sec. 28; *Crook v. Brown,* 11 Md. 158, 170. The trial court, however, reserved to the appellant the privilege of presenting a new bill grounded upon title in the County Commissioners by adverse possession if he should wish to do so, and to that end dismissed the present bill without prejudice. We think that was correct.

*Decree affirmed, with costs to the appellee.*