GEORGE T. FREE *v.* DANIEL GREENE ET AL.
[No. 38, April Term, 1938.]

*Decided June 14th, 1938.*

38

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Emanuel Klawans*, for the appellant.

*Daniel M. Greene*, with whom was *Benjamin Michaelson*, on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

George T. Free filed a bill of complaint against the defendants, Daniel M. Greene and Jennie Greene, his wife, wherein he alleged that he was seised and possessed of a tract of land in the first election district of Anne Arundel County; that C. Albert Hodges sold the tract at tax sale to Daniel M. Greene to satisfy the taxes for the years 1931, 1932, 1933, and 1934, and conveyed the same to said Greene; that prior to the tax sale the plaintiff had paid all of the taxes for the said years (*Mullen v. Brydon*, 117 Md. 554, 559, 83 A. 1025) and no taxes were due and owing thereon, though he expresses his willingness to pay any taxes the court may find he owes; that the proceedings were had under the provisions of the Acts of 1931, ch. 280, as amended by the Acts of 1935, ch. 582, which it is alleged are unconstitutional, and the sale therefore void; that no tax bills were mailed or delivered; no levy made nor notice of sale given; advertisement defective; sale not fairly made nor the property sufficiently described; that no report of sale was made within thirty days after sale, as required by chapter 280 of the Acts of 1931, the sale having been

made on October 14th, 1935, and not reported to the court until February 4th, 1937; that the sale and conveyance are a cloud on the plaintiffs' title, and prays that the sale and conveyance be set aside, and that the defendants, or a trustee to be appointed by the court, convey the property to the plaintiff, and general relief. The defendants answered denying every charge of irregularity in the proceedings, except that they admit the report was not made within thirty days of the sale, but aver that the law was substantially complied with.

The record is made up wholly of the bill, answer, and proceedings, as reported by the late county treasurer of Anne Arundel County, C. Albert Hodges, and that is the evidence upon which this case must be decided.

The duties and rights of the treasurer of Anne Arundel County, who is the collector of state and county taxes, so far as concerned in this case, are found in sections 487, 488, 492, 495, 496, 496A and 496B of article 2 of Code Pub. Loc. Laws. Section 495 was amended by the Acts of 1931, ch. 280, 1933, ch. 306, and 1935, ch. 582. Sections 496A and 496B were added by chapter 280, Acts of 1931.

When the sale was made, C. Albert Hodges was not treasurer of Anne Arundel County, his term of office having expired the preceding May 1st, 1935, but provision was made for the collection of taxes, for the year 1934 and preceding years, by him, which was a departure from the provision of section 492, by which an outgoing treasurer is required to deliver all uncollected tax bills for the year last preceding the expiration of his term of office to his successor, who shall be chargeable with the same. Mr. Hodges' salary ended with the expiration of his term of office, but he was to receive a commission of one and a half per cent on county taxes collected by him.

By the Act of 1935, ch. 582, sec. 495, it is provided that, "immediately after the first day of February, in the year nineteen hundred and thirty-six, and each and every year thereafter, and in no event later than the tenth day of said month, the treasurer shall make an

alphabetical list by election districts, in their numerical order, of all taxes due and in arrears, which list shall contain the names of the person or persons or body corporate assessed with property upon which taxes are due and in arrears, a brief description of the property sufficient to identify it, and taken from the assessment books of the county, the amount of the tax levied and in arrears, and of all taxes in arrears with interest accrued, and to accrue thereon, to the date of sale, and shall notify the person or persons or body corporate by mail to their last known post office address or to the address shown by the assessment books of the county, that if said tax or taxes are not paid on or before the second Monday in October next ensuing, * * * he will proceed at ten o'clock A. M., on the second Monday in October at the Court House in said County, to offer each and every of said parcels of land and premises * * * for sale to the highest bidder for cash; which said list and notice shall be published in at least two newspapers printed and published in said County for four successive weeks prior to the second Monday in September." This delinquent list, then, is the advertisement of sale to be published in four successive weeks preceding the second Monday of September preceding the second Monday of October next ensuing, for the taxes owing on all of the properties mentioned therein, and that unless the taxes be sooner paid the properties will then be sold.

With respect to the taxes due and payable for the six months period from July 1st, 1931, to and including the year 1934, which is the period of time covered by the tax bills in this case, the late treasurer was to have until the second Monday of August, 1935, to publish the list and notice of delinquent taxpayers. The first insertion in one of the newspapers carrying the list or advertisement was on August 8th, 1935; in the other newspaper the first insertion was on August 9th, 1935, and in both the next three successive weeks, which allowed the time prescribed to intervene between the publication and sale on the second Monday of October. The plaintiff

raises an objection to this as a violation of section 33, Article 3 of the Constitution, which forbids the General Assembly to pass a local or special law "For extending the time for the collection of taxes." The provision did not extend the time when taxes were due and payable. The Act of 1933, ch. 306, and the Act of 1931, ch. 280, had provided for the sale of delinquents' property on the second Monday of April in each year, while the Act of 1935, ch. 582, allowed a postponement of a sale until the second Monday of October. It was a delay in the day of sale, and not an extension of time of payment. There was a provision in the Act of 1935, ch. 582, for an amortization plan of payment for taxes for 1934 and prior years, for those who applied for it, which extended the time for the last payment to October 1, 1939, but there is no evidence that the plaintiff availed himself of the privilege, so that he cannot complain, and we are not called on to express an opinion of its validity. There was still the remedy by suit at law in assumpsit (*Bassett v. Ocean City*, 118 Md. 114, 119, 84 A. 262; Code (Supp. 1935) art. 81, sec. 145, [Act 1929, ch. 226], which had not been changed.

According to the report of the late treasurer, C. Albert Hodges, he made the levy "in accordance with law on said lot of ground, all the previous requirements of said Act of Assembly having been complied with, and that notice thereof, together with a copy of the bill for taxes due, interest and all costs including that of levy, was mailed to the said George T. Free at Edgewater P. O., Md. on the 4th day of August 1935, being his last known address, or the address shown on the assessment books for said county, together with a notice that if said bill for taxes, interest and costs were not paid by the second Monday in October, 1935, the property levied upon would be sold at public sale." The property was advertised the required times in two newspapers of the county and, on October 14th, 1935, sold to Daniel M. Greene for $108.17, one dollar more than the taxes and costs, Mr. Hodges being present at the sale. The record shows that the

sale, though made October 14th, 1935, was not reported to the court until February 4th, 1937, an order *nisi*, passed March 10th, 1937, published for three weeks, and an order ratifying the sale passed April 17th, 1937.

The order of ratification, if the report shows no jurisdictional defects or omissions in the procedure, is *prima facie* evidence of the correctness of the acts of the collector or treasurer, which, however, only means that it is necessary for the party attacking it to offer evidence to prove its incorrectness and upset a sale. *Cooper v. Holmes,* 71 Md. 20, 17 A. 711; *Richardson v. Simpson,* 82 Md. 155, 159, 33 A. 457; *Riverdale Presbyterian Church v. Pugh & Co.,* 154 Md. 550, 140 A. 844. Many of the courts of this country have held to the strictest compliance with every detail from the time of levy of the tax to the ratification of the sale, the failure to comply strictly with every detail being fatal to the title in the hands of any purchaser. Just why there should be such a difference in the presumptions arising from the ratification of a judicial sale and of a tax sale has never been satisfactorily explained. This court declared in *McMahon v. Crean,* 109 Md. 652, 666, 71 A. 995, 997, that "it is only necessary that there shall be a substantial compliance with the tax law under which the sale was made."

There is no contradiction of anything done or to be done as required by statute, preceding the day of sale, except the question the plaintiff raises of the sufficiency of the advertisement of the property. What the statutes require is that in the delinquent list, (Act of 1935, ch. 582, sec. 495) there shall be "a brief description of the property sufficient to identify it, and taken from the assessment books of the county." Section 491 of article 2 of Code Pub. Loc. Laws, title "Anne Arundel County," as enacted by the Act of 1931, ch. 280, requires "the clerk of the County Commissioners to enter upon the assessment books of said county in case of each and every assessment, such brief description of the property assessed, its general location, number of acres, or lot, section and block numbers, if a platted development, or

street number in cities, towns and villages, and designation of improvements, if any, which may be adequate and sufficient to render said property easy of identification and adaptable for use by the treasurer for tax sale advertisement." In *Riverdale Presbyterian Church v. Pugh & Co., supra* (page 560), it was held that "a proper notice or advertisement of the sale was a jurisdictional requirement," the failure to literally observe which would be and was sufficient to set the sale aside, in an ejectment suit by the owner against the purchaser which had entered into possession after a tax sale which had been made, reported, and ratified. In that case the local law for Prince George's County required the notice or delinquent list to "contain the name or names of the persons appearing upon the assessment book as the owner or owners of each piece of said real estate, and if said real estate has changed hands, in whole or in part, and such change be known to the treasurer, also, the present owners thereof, the location of the property by district, the quantity of land it contains and other matters of description that may be known to the treasurer, such as its name, the adjacent property holders, the book and page of the county land records which contain the transfer of said property to the present owner, if ascertained, and the amount of taxes in default, with the interest and penalties accrued, and to accrue to day of sale, upon each piece of said real estate," and the opinion in that case, though it may appear to be strict, merely followed the language of a very exacting statute in the matter of the description of the property to be sold. Under such a statute no purchaser at a tax sale would be secure in his purchase unless he had inspected the tax and assessment books and examined the land records of his county, and interviewed the treasurer.

The assessment record for Anne Arundel County and the delinquent list and notice of sale described the property in this case "Free George T. Lot 95 and improvements as shown on the plat of Pine Whiff Beach, Anne Arundel County, Md." It did not give the place of record,

the dimensions of the lot, or a description of the improvements, but the statute did not require any of these details, as in the case of *Riverdale Presbyterian Church v. Pugh & Co., supra.* The plaintiff filed as an exhibit to his bill a copy of his deed, which shows that George T. Free did own "Lot No. 95 on the Plat of Pine Whiff Beach recorded among the Plat Records of said County F. S. R. No. 3 folio 2," the dimensions being 47.5 feet by 115 feet. The description and designation were in conformity with the language and requirements of the statute, (*supra*), and the property was "easy of identification." It certainly was not an erroneous description and not calculated to mislead. *Millers' Eq. Proc.* 572, sec. 491.

As to the sale of the property in this case, we find that there has been substantial compliance with every requirement of the local law of Anne Arundel County essential to a tax sale and that the sale was valid.

This brings us to the final question, and the one most strongly urged by the plaintiff, and that is the belated report of sale. Section 496 of article 2 of the Code Pub. Loc. Laws, as amended by the Act of 1931, ch. 280, says: "When any real estate shall be sold for taxes under the provisions of this Article, said sale or sales in each and every case shall be reported by the treasurer to the Circuit Court for Anne Arundel County within thirty days from the date of said sale, in which report shall be shown to whom and at what price such several parcels of land * * * were respectively sold * * *. Upon which report, if the court shall find the proceedings regular, and that the provisions of the law in relation thereto have been complied with, there shall be a brief order nisi passed in each case and a copy thereof published, as in the case of judicial sales by trustees * * * and if no sufficient cause be shown to the contrary, the sale shall be finally ratified by said court * * * where there has been no sufficient cause shown. * * * Upon final ratification of any such sale or sales * * * the treasurer shall convey to the purchaser the property purchased by the

latter, * * * subject only to the right of redemption of the former owner as hereinafter specified. No deed shall pass until the end of said redemption period" etc.

"496A. Whenever any real estate shall be sold by the treasurer the owner thereof * * * may redeem the same by paying into court, to be paid the purchasers thereof within one year and one day from the date of such sale, the amount of the purchase money," etc.

"496B. After the expiration of one year and one day * * * (provided the same shall have been ratified by the court) the treasurer shall by a good and sufficient deed to be executed and acknowledged according to law, and at the cost of the purchaser, convey to the purchaser or purchasers the parcel of land so sold, and the title to the same shall thereupon be good and marketable in said purchaser or purchasers."

The question then is whether the requirement of a report within thirty days (section 496) is mandatory or directory, and the further question, whether the owner can complain if the report is delayed. The exact question has not been decided by this court, so that resort must be had to a construction of the statute, especially in its relation to the rights of the parties. In 3 *Cooley on Taxation* (4th Ed.), sec. 1450, it is said: "A report of the sale by the officer who has made it is commonly provided for, sometimes for the purposes of a record exclusively, and sometimes, also, because some other officer than the one who made the sale is to execute the deed. The making of this report is important to the landowner if his right to redeem is to depend upon or be ascertained by it, and then the failure to make it would be fatal. If made, it should be filed or recorded in proper time, and should conform in its recitals and certification to the statutory requirements, and the deed, if one is given subsequently, must follow the report. But where the case is such that a report is of no importance to the landowner, he would probably not be heard to complain of a failure to make return, or of errors or imperfections in it." See 61 *C. J.* 1215.

The only right the plaintiff landowner has, if his taxes were in default, after sale properly made, is to redeem, and he has a year and a day from the day of sale, not from the report of sale, but from the day of sale, to exercise that right. The collector is a ministerial officer, upon whom certain duties are imposed by law. If he fails to perform his duties he can be indicted for his failures or neglect, or he may be mandamused. In this case the one who was hurt, if any one was, was the purchaser; he could not obtain an assignable or transferable title until he had a deed. The sale divested the landowner of his title, and unless he redeemed his interest was at an end; the one most interested in a report was the purchaser, because he did not have title until he got a deed (*Gross v. King*, 150 Md. 291, 133 A. 331) by an official authorized to make it. The plaintiff relies on the case of *Taylor v. Forrest*, 96 Md. 529, 54 A. 111, in which it was said (page 532, 54 A. page 112) : "The report should be made by the collector with all convenient speed after the sale, in order that the owner of the land, and others in interest, may have information of the facts, so as to decide upon the equity of redemption or contest the validity of the proceedings" within the period allowed by law. Although the precise question argued in *Taylor v. Forrest, supra,* was whether a successor tax collector could report a sale made by his predecessor, the necessity of a report, where one was required, was to enable the landowner to decide whether to redeem or contest the sale, and that to do this a report of sale should be made, at all events, within the period of redemption. If this was not the rule adopted by this court, then the case could have been remanded in order to allow the collector making the sale to make the necessary report, regardless of the element of time. The thirty day provision for a report may be directory, and we think it is (*Allen v. Allen,* 114 Wis. 615, 91 N. W. 218), but it must be made within time to allow for the publication of an order *nisi*, so that the landowner may have the time to decide whether he shall redeem the property, or contest the collector's right

to sell, in a proceeding in a court of special and limited jurisdiction from whose action there is no appeal (*Shannahan v. Maulsby,* 129 Md. 493, 99 A. 671), a factor which adds to, rather than subtracts from, the importance of a timely report. The limit of grace in the collector would be about eleven months from the day of sale, which has been extended in this case about five months too long. For this reason, and this alone, the decree of the chancellor must be reversed.

*Decree reversed with costs, and case remanded for a decree to conform with this opinion.*