KARGER ET AL. *v.* STEAD ET AL.

[No. 45, October Term, 1948.]

232.

*Decided February 10, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Noah H. Hillman* for the appellants.

No appearance for appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from an order contained in a "memorandum and opinion" filed April 13, 1948, in which the court said, "On May 1, 1947, I filed an opinion and order herein sustaining the demurrer of the defendant, Elizabeth B. Stead, to the amended bill of complaint. On May 19, 1947, the plaintiffs filed what they called a motion to permit a reargument. * * * some time later * * *, the matter was set down for hearing. I listened carefully to everything the plaintiffs' solicitor had to say, and have re-examined the authorities cited in my opinion, and have read some others. I still feel that the conclusion reached in my opinion is right", and "denied" "the motion filed by the plaintiffs herein on May 19, 1947." There has been no final order dismissing the bill. An order sustaining a demurrer to an entire bill is appealable. *Young v. Cockman*, 182 Md. 246, 249, 34 A. 2d 428, 149 A. L. R. 1006. Of course, an order overruling a motion for reargument is not. As the "memorandum and order" shows on its face that a reargument in fact

was granted and heard, we think it may properly be regarded as an order sustaining a demurrer and this appeal may be entertained and plaintiffs need not submit to a final decree in order to appeal.

The amended bill of Harry J. Karger and the administrator of the estate of his wife, Nancy J. Karger, against Elizabeth B. Stead and the County Commissioners of Anne Arundel County, alleges that: Karger was in the Army from September, 1942 until August 13, 1945. His wife died November 22, 1940. He is her sole heir at law. She was an heir of her mother Sybil J. Bell, who is dead [and, therefore, it is argued, must have died before November 22, 1940]; other heirs being unknown. The wife, at the time of her death, was the holder, by assignment in 1937, of a mortgage from her mother on a lot and a small building, used as a dwelling, at Idlewilde, Anne Arundel County, acquired by the mother in 1931. No part of the mortgage debt or interest has been paid; the taxes from 1932 to 1936, inclusive, were paid by the mortgagee, 1937, 1938 and 1939 taxes by the mortgagor. The property was sold for non-payment of 1940 taxes by the Treasurer of Anne Arundel County on October 14, 1941, to the County Commissioners for $51.13 and the sale was finally ratified December 7, 1942; [when it was reported is not stated].

Karger learned of the sale in April, 1944, long after it had been ratified. By inquiry through the Legal Assistance Division of the Judge Advocate's Office and the Committee on War Work of the Maryland State Bar Association, he learned that the County Commissioners had sold the lot to defendant Stead, and she had not finished paying, and no deed had been executed conveying it to her. In May, 1944 the Commissioners were "requested to hold up settlement" until arrangement could be made with defendant Stead "to release her interest", and she was asked to make some arrangement. She refused to relinquish her claim or interest.

Defendant Stead "has been able to use" and, plaintiffs are informed, "has used the premises since she arranged

to purchase" them "but has paid no taxes, nor made any payment to the plaintiffs for said use".

Plaintiffs have a substantial interest in the property through Karger's wife, as mortgagee and heir; [at the argument her interest as heir, not as mortgagee, was relied upon]. Plaintiffs are ready, able and willing to pay all taxes in arrears; a sufficient amount to do so has been placed in the hands of plaintiffs' solicitor, in trust, [not paid into court]. Karger claims the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, U. S. Code, Title 50, sec. 560 [sic] and Article 87A, Maryland Code 1947 Supplement, "Soldiers' and Sailors' Civil Relief".

The bill prays a decree (a) setting aside the "tax sale proceedings, upon payment of taxes in arrears and current taxes" and (b) that defendant Stead "has no interest in the property" and that payments made by her to the County Commissioners be returned to her; and general relief.

The original bill was filed by Karger on August 30, 1945. On March 19, 1946 a demurrer of defendant Stead was sustained with leave to amend within 30 days. On February 24, 1947 letters of administration were granted on the estate of Karger's wife and an amended bill was filed by Karger and the administrator. On May 1, 1947 defendant Stead's demurrer to the amended bill was sustained, with 30 days in which to amend again. No demurrer or answer was filed by the County Commissioners. In this Court no brief was filed or argument made for either defendant. Vagueness of allegations in the bill are attributed by plaintiffs to the handicaps on communication while Karger was in the military service, but in two and a half years since he left the service little was done to clarify the bill. However, for present purposes we accept plaintiffs' interpretation of their own bill as alleging that Mrs. Karger's mother died before she did, though the amended bill alleges that "the whereabouts" of the mother "have for several years been unknown" to Karger and "she is dead", and that Karger "does

not know where [she] is," but her solicitor was advised that the County Commissioners have a letter addressed to her, returned [when?] by the post office marked "dead".

As Judge Clark says in his original opinion, "It is not alleged in the amended bill that the plaintiffs are in possession of the property [on the contrary it is alleged that defendant Stead "has used" it] ; nor is the invalidity of the tax sale proceeding asserted. The bill, accordingly, cannot be considered a bill to remove a cloud from the title. * * * If they are in possession of the property and wish to attack the validity of the tax sale, they may amend their bill to a bill to remove the cloud thereby cast on their title. *Free v. Greene,* 175 Md. 36 [199 A. 857, 117 A. L. R. 717], is a familiar example of a bill of that nature. [See also *Queen v. Anderson,* 191 Md. 522, 530, 62 A. 2d 612, 615.] If, however, the plaintiffs are not in possession of the property, they will have to bring ejectment. *Kelly v. Nice,* 141 Md. 472 [119 A. 333]." Moreover, even if plaintiffs were in possession, there is no allegation showing that the sale was reported too late, which was the ground of invalidity in *Free v. Greene, supra,* and *Queen v. Anderson, supra.* Thus no question is presented as to the validity or construction of the Act of 1941, ch. 208, as applied to sales made and ratified after June 1, 1941.

As Judge Clark also says, plaintiffs' claim, under section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, as amended, 56 Stat. 769, 50 U. S. C. A. Appendix, § 525 [or section 500], 50 U. S. C. A. Appendix, § 560, [or both], a right to redeem this property from the tax sale; this is a bill for the redemption of the property. "When property is sold for the nonpayment of taxes the County Treasurer is required to report the sale to this Court and obtain its ratification thereof before conveying the property to the purchaser. The owners thereof, 'prior to the day of sale, may redeem the same by paying into Court, to be paid to the purchaser thereof within one year and one day from the date of such sale, the amount of the purchase money and

all subsequent taxes paid by the purchaser', etc. See Sections 496, 496A, and 496B of Article 2 of the Code of Public Local Laws, as amended by the Act of 1931, ch. 280. As the property was sold on October 14, 1941, the redemption period would, ordinarily, have expired on the expiration of one year and one day thereafter." Karger, however, claims that under the Soldiers' and Sailors' Civil Relief Act of 1940 all or a portion of his period of military service must be excluded in computing the period for redemption and therefore his bill for redemption is in time. Like Judge Clark, we shall assume, without deciding, that "Karger had, on August 30, 1945, when the original bill was filed, such an interest in the property as entitled him to redeem the same from the tax sale, (see *Stewart v. Wheatley*, 182 Md. 455 [35 A. 2d 104]) and that one seeking to redeem may maintain a new and original proceeding for the purpose, instead of paying the money into court in the case where the sale is reported, as provided for by the statute, *supra,* and as was, apparently, done in *Stewart v. Wheatley, supra,* (see also *Free v. Greene,* 175 Md. 36 [199 A. 857, 117 A. L. R. 717])".

The sole question presented then is whether the asserted right to redeem existed on August 30, 1945. Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Act of October 6, 1942, provides: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, [regulation, or order] for the bringing of any action [or proceeding in any court, board, bureau, commission, department, or other agency of government] by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action [or the right or privilege to institute such action or proceeding] shall have accrued prior to or during the period of such service, *nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942* [Oct. 6, 1942] *be included in computing any period now or hereafter provided by any law for the re-*

*demption of real property sold or forfeited to enforce any obligation, tax, or assessment."* 50 U. S. C. A. Appendix § 525. [Portion added by amendment in 1942 here italicized. Portion here bracketed not contained in section 205 of Federal Soliders' and Sailors' Civil Relief Act of 1918. Portion not here italicized or bracketed was section 205 of Act of 1918.] In *Ebert v. Poston,* 266 U. S. 548, 553, 45 S. Ct. 188, 190, 69 L. Ed. 435, it was held that the corresponding section 205 of the Federal Soldiers' and Sailors' Civil Relief Act of 1918 did not apply to a statutory right to redeem real estate, after foreclosure through advertisement and sale under a power of sale in a mortgage, by payment, to the purchaser or the register of deeds, of the sum bid with interest and fees without resort to court proceedings. "Section 205 does not apply to transactions which are effected without judicial action. The statutory right to redeem from a sale by advertisement is not a right of action. It is a primary right as distinguished from a remedy. The defeasible title of the purchaser at the sale becomes absolute if the mortgagor fails to avail himself of the right within the statutory period. The purchaser's title is extinguished if it is availed of. The bill in equity is merely the remedy by which the right, if still existing may be enforced". If in this statement "judicial or administrative action" be substituted for "judicial action" and "right to institute an action or proceeding" for "right of action", the statement is not less true and is applicable to section 205 of the Act of 1940, before the amendment of 1942. Payment into court under the Anne Arundel County tax statute is no more a judicial—or administrative—proceeding than payment to the register of deeds under the Michigan mortgage statute. Plaintiffs apparently recognized this by filing a bill in equity to redeem without paying anything at all into court. Section 205 of the Act of 1940, before the 1942 amendment, therefore has no application in the instant case. The Supreme Court has said that the provision added to section 205 in 1942 was added "to remedy what this Court had held to be a

*casus omissus* in a preceding Act.  *Ebert v. Poston*, 266 U. S. 548, 554, 45 S. Ct. 188, 190, 69 L. Ed. 435." *Le Maistre v. Leffers*, 333 U. S. 1, 4, 68 S. Ct. 371, 372.

Originally Karger had nine days after October 6, 1942 in which to redeem, *i. e.*, to and including October 15, 1942.  Under section 205, as amended on October 6, 1942, no part of the period of his military service after October 6, 1942 can be included in computing this nine-day period.  Therefore he had nine days after August 13, 1945, *i. e.* to and including August 22, 1945.  His original bill was filed on August 30, 1945, *i. e.*, eight days after any right to redeem had expired.

Section 500 of the Act of 1940, [50 U. S. C. A. Appendix, § 560], is applicable when taxes in respect of "real property owned and occupied for dwelling * * * purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid", and gives a "right to redeem or commence an action to redeem such property, at any time not later than six months after the termination of such service".  In the instant case it is not alleged that the property was owned and occupied for dwelling purposes by Karger or his dependents at the commencement of his military service or was still so occupied by his dependents or employees thereafter.  On the contrary, it is alleged that defendant Stead "has used" it.  Section 500 therefore has no application in the instant case.  In *LeMaistre v. Leffers*, 333 U. S. 1, 68 S. Ct. 371, it was held that section 500 does not restrict the application of section 205 to property owned and occupied for purposes specified in section 500.  It was not held, however, that in a case to which section 500 is not applicable at all, section 500 could so operate as to expand the period for redemption under section 205.

At the argument plaintiffs indicated a desire for further leave to amend.  It is not clear just how they could effectively amend.  However, our affirmance of the decree will be without prejudice to the right to apply to the lower court for such leave.

*Decree affirmed, with costs.*