LIBERTY REALTY, INC. *v.* THE KENNETH
COMPANY

[No. 52, October Term, 1949.]

*Decided December 9, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON. and MARKELL, JJ.

Submitted on brief by *George C. Mertel* for the appellant.

Submitted on brief by *Herbert L. Grymes* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal from a decree for specific performance of a contract for the sale of certain parcels of real estate

on Frederick Road and on Stonecroft Road in Baltimore City, raises questions as to the validity of the titles obtained under tax sales. The vendor, the appellee, obtained title from one Anna Gresser, who in turn obtained title from the Mayor and City Council of Baltimore, who purchased the properties at sales by the Collector for non-payment of taxes in 1935 and 1939, respectively.

As to the first sale, it appears that the Collector's notice was served on George W. Rebhan, the President of the Stonecroft Corporation, the owner of the properties, who acquired them by deed in 1931. In the assessment rolls, these properties were erroneously assessed to the Ellersleigh Company, a defunct corporation which had never held title. The appellant contends that the notice should have been given to the person or corporation last assessed. There is no merit in this contention.

The statute, section 56, Charter and Public Local Laws of Baltimore City (1938 Ed.) provides that the Collector, before advertising, shall "give to the person or persons so in arrears or to one of them, if more than one, or leave at his or her or their residence, or last known residence of one of them, and if no such residence be known, there shall be left upon the premises so to be sold for taxes, a statement of his or her or their indebtedness, and not less than thirty days' notice of his (said Collector's) intention, if the bill is not paid, to enforce the payment thereof by distraint or execution."

"The object of such statutory provisions is to give the owner of the property either actual or constructive notice of the taxes due, and that his property will be sold unless the amount thereof is paid." *Amos v. Abromaitis*, 122 Md. 256, 262, 89 A. 497, 499. In that case a notice served upon a tenant was held insufficient. The owner, to whom the property was assessed and the bills made out, was dead, and there was no posting of the property. *Cf. Winter v. O'Neill*, 155 Md. 624, 629, 142 A. 263. In the case at bar the owner received notice. Indeed, it is shown that the Stonecroft Corporation appeared and paid the taxes due on some of the properties included in

the notice, but did not then or subsequently raise any objection to the sale of the properties here involved. It has been held that a Collector is not required to search the land records to determine the title of the person to whom the property is assessed. *Cooper v. Holmes,* 71 Md. 20, 30, 17 A. 711. Thus, notice to the latter may be sufficient, particularly where the inaccuracy in the assessment rolls is due to the failure of a transferee to see that the records are correct. *Mylander v. Baltimore,* 166 Md. 658, 662, 172 A. 234. If, however, notice is actually given to the owner, it would be idle to require notice to a person having no actual interest in the property. It is the owner who has the right to redeem, and to whom the balance of the purchase money, over and above taxes, is payable. Sections 62, and 63, City Charter (1938 Ed.).

The appellant further contends that the notice was insufficient because it did not follow the language of the statute, "to enforce the payment thereof by distraint or execution," but warned that "unless charges are paid within 30 days from this date, the property will be advertised and sold to satisfy the indebtedness". There is no magic in the words "distraint or execution". The notice clearly indicated the Collector's intention to enforce payment by sale in the manner prescribed by law. *McMahon v. Crean,* 109 Md. 652, 667, 71 A. 995. *Cf. Gill v. Sommer,* 191 Md. 204, 208, 60 A. 2d 683, 684. The notice was in substantial compliance with the statute, and this is all that is required. Section 65, City Charter (1938 Ed.) ; *Pendergast v. Young,* 188 Md. 411, 416, 53 A. 2d 11. For the same reason, use of the word "distress", instead of "distraint", in the notice as to the properties on Stonecroft Road, is not material.

The sale was made on February 7, 1935, and the report of sale was filed on February 7, 1936. An order *nisi* was signed on June 10, 1941, and finally ratified on July 28, 1941. The appellant contends that the sale was defective, because the report of sale was filed before the expiration of a year and a day from the date of sale,

the period of redemption, under Section 63 of the Charter. In the case of the properties on Stonecroft Road, the sale was made on November 2, 1939, and the report of sale on December 2, 1940. The appellant contends that this report was made too late.

There is no time limitation in the statute (section 65 of the Charter), nor is there anything to indicate that the report could not properly be made as soon as the sale is completed, as is required under some of the local laws. In any event, no action of the Collector could cut short the right of redemption within a year and a day. *Cf.* *Stewart v. Wheatley,* 182 Md. 455, 457, 460, 35 A. 2d 104. In *Free v. Greene,* 175 Md. 36, 47, 199 A. 857, 861, 117 A. L. R. 717, where the Anne Arundel County statute required the report to be made within 30 days from the sale, it was held that this provision was not mandatory, but that the "limit of grace in the collector would be about eleven months from the day of sale". It was further held that a delay of 16 months from the sale was fatal, but this holding was predicated upon the fact that the local law required the redeeming owner to pay the amount of the purchase money into court, within a year and a day from the date of sale, a condition which could not be met unless the report was filed before the exipration of that period. The court construed the statute so as to bring it within the rule stated in *Cooley on Taxation* (4th Ed.) section 1450, that "the making of this report is important to the landowner if his right to redeem is to depend upon or be ascertained by it, and then the failure to make it would be fatal." We followed this construction in *Queen v. Anderson,* 191 Md. 522, 531-532, 62 A. 2d 612, 616; with the remark that this result would "not necessarily [follow] under other statutes." See also *Karger v. Stead,* 192 Md. 230, 234-235, 64 A. 2d 155, 157. On the other hand, in *Hickey v. Peck,* 180 Md. 289, 294, 23 A. 2d 711, where the St. Mary's County statute required the report to be made "immediately" after the sale, it was held that a delay of 13½ months was not such as to invalidate the sale. The statute in that case,

apparently, fixed the period of redemption at 12 months from the date of the report, so that a delay could not be prejudicial.

The Baltimore City statute does not require the payment of the purchase money into court, but provides that the purchaser shall pay to the City Collector only the amount of taxes due, the balance of the purchase price to remain on credit for a year and a day (section 58). The owner may at any time within that period redeem by paying or tendering to the City Collector the amount of the purchase price (section 63). Thus, the redemption provisions are wholly independent of the provisions for order *nisi* and subsequent ratification of the sale by the court. The decision in *Taylor v. Forrest*, (1903), 96 Md. 529, 532-533, 54 A. 111, 112, was based solely upon the fact that the report of sale was made by the successor in office of the Collector making the sale, which the Baltimore City statute then in effect did not authorize, although the court stated that the Collector should make his report "with all convenient speed, after the sale." That case furnishes no support for the dictum in *Free v. Greene, supra,* that "a report of sale [in Baltimore City] should be made, at all events, within the period of redemption." We think there is a valid distinction based upon the difference in the Anne Arundel County and Baltimore City statutes, which in the one case creates a condition precedent to the exercise of the right of redemption, and in the other does not. Thus, the fact that the reports in the case at bar were not made within 11 months from the date of sale is immaterial.

Since we find that the sales in question were in substantial compliance with the Statute, the decree appealed from will be affirmed.

*Decree affirmed, with costs.*